United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-21024
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

KELVIN DANDREA COTTON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-741-1
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Kelvin Dandrea Cotton was convicted of aiding and abetting

the possession with intent to distribute more than 50 grams of

crack cocaine.  He was sentenced as a career offender to 360

months' imprisonment.  On appeal, he argues that the district

court failed to comply with FED. R. CRIM. P. 32(i)(3)(B) by

failing to rule on his objection to the use of two prior

convictions to enhance his sentence as a career offender.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As an initial matter, we GRANT the Government's motion to unseal the district court's Statement of Reasons and to take judicial notice of its contents.

The district court's compliance with Rule 32 is a question of law subject to de novo review. United States v. Medina, 161 F.3d 867, 874 (5th Cir. 1998). Rule 32(i)(3)(B) requires a district court to either "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." A defendant generally is provided adequate notice of the district court's resolution of disputed facts when the court adopts the findings of the presentence report. United States v. Mora, 994 F.2d 1129, 1141 (5th Cir. 1993).

The district court's statements at the sentencing hearing indicate that the district court was overruling Cotton's objection and relying on the PSR's recommendation. Furthermore, the district court specifically adopted the PSR's factual findings and guideline application in its written Statement of Reasons. Therefore, we conclude that the district court satisfied the requirements of Rule 32. See Mora, 994 F.2d at 1141.

AFFIRMED.